Bank v. Matson.

BANK  v.  MATSON.

(*Knoxville.*    November  13,  1895.)

APPEAL.    *Decree not final.*

A decree releasing one who appeared as joint maker on one of several notes in suit, and giving judgment against the other maker on that and the other notes, and ordering a mortgage, securing the same, foreclosed, is not final for the purposes of appeal, either as of right or in the Chancellor's discretion.

FROM   WASHINGTON.

Appeal from the Chancery Court of Washington County.    JOHN P. SMITH, Ch.

ISAAC HARR for Bank.

CARR & REEVES for Matson.

WILKES, J.    This bill was filed to obtain judgment on several notes, and foreclose a mortgage to secure them.    On one of these notes, Johnson appeared as joint maker with Matson, and made defense that he had been released by the creditors' taking a deed of trust from the principal and extending time without his consent.    The Chancellor held that Johnson was released, but gave judgment against Matson

Bank *v.* Matson.

on that and other notes, and ordered the deed of trust foreclosed. Thereupon, complainant was permitted to appeal from so much of the decree as released Johnson, and it has brought this case here as to Johnson alone, and assigned errors. The cause has been heard by the Court of Chancery Appeals, and that Court is of opinion the appeal is premature, and should be dismissed. We concur in this opinion. The effect of the appeal would be to split up the case, leaving part of it undetermined in the Court below against Matson, and part in this Court against Johnson. It may be that when the land of Matson, the principal, is sold, there will be no occasion to further pursue Johnson, the surety. We do not think the decree final, from which an appeal would lie as matter of right, nor that it is a case within the jurisdiction of the Chancellor to grant an appeal.

It must, therefore, be dismissed at cost of appellant.